KATHLEEN O'BRIEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANNA L. SPAHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26921, 26935. Promulgated June 30, 1930.

*Jacob Berg, Esq.*, for the petitioners.
*John D. Kiley, Esq.*, for the respondent.

168

OPINION.

MATTHEWS: The petitioners admit that they are transferees and that each received property of a value in excess of the total amount of the deficiencies. They raise no question as to the correctness of the deficiencies asserted. Their contentions are that the period within which assessment of the 1921 tax could have been made had expired when the notice of the deficiency was mailed to them on March 8, 1927, and that only a pro rata share of the deficiency should be asserted against each of them.

Section 280 of the Revenue Act of 1926 contains the provision with respect to the period within which assessments can be made against transferees. The pertinent portions of this section read as follows:

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; * * *

*     *     *     *     *     *     *

(c) For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred.

Jacob Spahn's return for 1921 was filed March 15, 1922. The four-year period for assessment of the taxes for that year provided by section 250 (d) of the Revenue Act of 1921 and subsequent revenue acts expired March 15, 1926.

Under the provisions of section 280, the period of limitation for assessment of the taxpayer's liability against the transferees expired

March 15, 1927, one year after the expiration of the period of limitation for assessment against the taxpayer. The assessment for 1921 was not barred at the time the notice of March 8, 1927, was mailed to the transferees. See *J. H. Johnson et al.*, 19 B. T. A. 840.

With respect to the extent of the liability of each petitioner, this case is governed by the decision of this Board on the same point in *Grand Rapids National Bank*, 15 B. T. A. 1166. See also *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218; affd., C. C. A., 2nd Cir., June 9, 1930; and *Henry Cappellini et al.*, 16 B. T. A. 802. Under authority of these decisions, the liability of each petitioner is $288.32, plus interest from February 26, 1926.

*Judgment will be entered for the respondent.*